UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case: 1:19-mc-00010 |
| : | Assigned To : Friedman, Paul L. |
| COLLEEN STEVENSON, : | Assign. Date : 1/24/2019 |
| Also known as "Colleen Horne," : | Description: INFORMATION (A) |
| : | |
| Defendants. : | |
| : | |

**GOVERNMENT'S NOTICE OF
DEFERRED PROSECUTION AGREEMENT**

FILED

JAN 24 2019

Clerk, U.S. District and
Bankruptcy Courts

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Notice of Deferred Prosecution Agreement.

1. The government hereby provides notice to the Court that the parties have agreed to enter into a Deferred Prosecution Agreement concerning the government's prosecution of Defendant Colleen Stevenson, also known as "Colleen Horne," in CR: 18-187 (PLF)).[1] A copy of the Agreement and accompanying Statement of Offense, which applies to Defendant Colleen Stevenson only, accompany this filing as Exhibit 1 and Exhibit 2. A signed copy of all documents will be provided to the Court at any hearing on this matter.

---

[1] A copy of the search warrant and affidavit for the warrant accompanies this filing as an exhibit.

1

**WHEREFORE**, the government makes notice as noted above.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

BY: /s/ Kenneth F. Whitted

KENNETH F. WHITTED
Assistant United States Attorney
D.C. Bar No. 430-346
555 Fourth Street, N.W., #4106
Washington, D.C. 20530
(202) 252-7722 (office)

# EXHIBIT 1

Case 1:19-mc-00010-PLF   Document 1   Filed 01/24/19   Page 3 of 16

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case: 1:19-mc-00010 |
| v. : | Assigned To : Friedman, Paul L. |
| : | Assign. Date : 1/24/2019 |
| **COLLEEN STEVENSON,** : | Description: INFORMATION (A) |
| **also known as "Colleen Horne,"** : | |
| : | |
| **Defendant.** : | |

## DEFERRED PROSECUTION AGREEMENT

Defendant Colleen Stevenson, with her undersigned representative granted authority by the Defendant, and the United States Attorney's Office for the District of Columbia (the "Office"), enter into this deferred prosecution agreement (the "Agreement"). The terms and conditions of this Agreement are as follows:

### Criminal Indictment and Acceptance of Responsibility

1. The Defendant Colleen Stevenson, also known as "Colleen Horne," acknowledges and agrees that the Office has filed an Indictment in the United States District Court for the District of Columbia charging the Defendant with Unlawful Possession with Intent to Distribute Marijuana, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(D), Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(1), and Unlawful Possession of a Firearm with an Obliterated Serial Number, in violation of Title 18 U.S.C. § 922(k).

2. The Defendant admits, accepts, and acknowledges that she is responsible under United States law for the acts charged in the Indictment, and as set forth in the Statement of Offense

attached hereto as Attachment A and incorporated by reference into this Agreement, and that the allegations described in the Indictment with respect to the facts described in Attachment A are true and accurate. Should the Office pursue the prosecution that is deferred by this Agreement, the Defendant stipulates to the admissibility of the Statement of Offense in any proceeding, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the Statement of Offense at any such proceeding.

### Term of the Agreement

3. This agreement is binding on both the Defendant and the Office from the time that the parties enter into the agreement until the conclusion of Christopher Stevenson's, the co-defendant's, matter.

### Relevant Considerations

4. The Office enters into this Agreement based on the individual facts and circumstances presented by this case and the Defendant. Among the factors considered were the following:

    a. The Defendant's willingness to acknowledge and accept responsibility for her own actions;

    b. The Defendant's lack of a criminal history; and

    c. The evidence of guilt against the co-defendant, Christopher Stevenson (CR: 18-187-01 (PLF)).

## Future Cooperation and Disclosure Requirements

5.    The Defendant shall cooperate fully with the Office in any and all matters relating to the conduct described in Attachment A as well as any other conduct related to the possession and distribution of narcotics, including marijuana, and the possession and distribution of firearms in the current prosecution before the United States District Court for the District of Columbia in CR: 18-187 (PLF). The Defendant agrees that cooperation pursuant to this paragraph shall include, but not be limited to, the following:

    a.    The Defendant shall truthfully disclose all factual information related to the underlying conduct described in Attachment A and, if required, testify to all factual information related to that conduct. The Defendant shall also disclose any information that comes to her attention regarding conduct related to the underlying conduct in Attachment A, including knowledge that her co-defendant, Christopher Stevenson, has previously engaged, or is engaging, in narcotics possession or distribution, or knowledge that Christopher Stevenson has previously engaged, or is engaging, in firearms possession or distribution.

    b.    The Defendant shall waive any marital or spousal privilege concerning Christopher Stevenson for purposes of entering into the Deferred Prosecution Agreement with the United States.

## Conditional Release from Liability

6.    Subject to Paragraphs 1-4, the Office agrees, except as provided herein, that it will dismiss the Indictment against the Defendant relating to the conduct described in the Statement of Offense, attached hereto as Attachment A. The Office, however, may use any information related to the conduct described in the attached Statement of Offense against the Defendant: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement;

3

(c) in a prosecution or other proceeding relating to any crime of violence; or (d) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code.

    a.    This Agreement does not provide any protection against prosecution for any future conduct by the Defendant.

## Deferred Prosecution

7.    In consideration of the past and future cooperation of the Defendant described in Paragraphs 1-5 above; the Office agrees that any prosecution of the Defendant for the conduct set forth in the attached Statement of Offense, and for the conduct that the Defendant disclosed to the Office prior to the signing of this Agreement, be and hereby is deferred for the Term of this Agreement.

8.    The Office further agrees that if the Defendant fully complies with all of its obligations under this Agreement, the Office will not continue the criminal prosecution against the Defendant described in Paragraph 5 and, at the conclusion of the Term, this Agreement shall expire. The Office shall seek dismissal of the criminal Indictment filed against the Defendant described in Paragraph 1, and agrees, absent a violation of the agreement, not to file charges in the future against the Defendant based on the conduct described in this Agreement and Attachment A.

## Breach of the Agreement

9.    If, during the Term of this Agreement, the Defendant (a) commits any felony under United States federal law; (b) provides in connection with this Agreement deliberately false, incomplete, or misleading information; (c) fails to cooperate as set forth in Paragraphs 1-6 of this Agreement; or (d) otherwise fails specifically to perform or to fulfill completely each of the Defendant's obligations under the Agreement, the Defendant shall thereafter be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but

4

not limited to, the charges in the Indictment described in Paragraph 1, which may be pursued by the Office in the United States District Court for the District of Columbia or any other appropriate venue. Determination of whether the Defendant has breached the Agreement and whether to pursue prosecution of the Defendant shall be in the Office's sole discretion. Any such prosecution may be premised on information provided by the Defendant. Any such prosecution relating to the conduct described in the attached Factual Statement or relating to conduct known to the Office prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, the Defendant agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year. In addition, the Defendant agrees that the statute of limitations as to any violation of Title 21 U.S.C. § 841(a)(1), 841(b)(1)(D), Title 18 U.S.C. § 924(c)(1), and Title 18 U.S.C. § 922(k) that occurs during the Term will be tolled from the date upon which the violations occur until the date upon which the Office is made aware of the violation.

10.  In the event the Office determines that the Defendant has breached this Agreement, the Office agrees to provide the Defendant with written notice of such breach prior to instituting any prosecution resulting from such breach. Within thirty days of receipt of such notice, the Defendant shall have the opportunity to respond to the Office in writing to explain the nature and circumstances of such breach which explanation the Office shall consider in determining whether to pursue prosecution of the Defendant.

11. In the event that the Office determines that the Defendant has breached this Agreement: (a) all statements made by, or on behalf of, the Defendant to the Office or to the Court, including the attached Statement of Offense, and any testimony given by the Defendant before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Office against the Defendant; and (b) the Defendant shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of the Defendant prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible.

12. The Defendant acknowledges that the Office has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if the Defendant breaches this Agreement and this matter proceeds to judgment. The Defendant further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

### Limitations on Binding Effect of Agreement

13. This Agreement is binding on the Defendant and the Office but specifically does not bind any other component of the Department of Justice, other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities.

### Notice

14. Any notice to the Office under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to

Jessie K. Liu, United States Attorney for the District of Columbia, 555 4th Street, N.W., Washington, D.C. 20530, or her duly appointed representative, Assistant United States Attorney Kenneth F. Whitted. Any notice to the Defendant under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to the Defendant's home address or the defendant's legal counsel, Kira Anne West, 1325 G Street, N.W., Suite 500, Washington, D.C. 20005. Notice shall be effective upon actual receipt by the Office or the Defendant.

### Complete Agreement

15. This Agreement sets forth all the terms of the agreement between the Defendant and the Office. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Office, the attorneys for the Defendant and a duly authorized representative of the Defendant.

**AGREED:**

**FOR DEFENDANT:**

Date: _____    By: _____
                            Colleen Stevenson
                            Defendant


Date: _____    By: _____
                            Kira Anne West
                            Counsel for Defendant


**FOR THE UNITED STATES ATTORNEY'S OFFICE:**

7

JESSIE K. LIU
United States Attorney

Date: _____          BY: _____
                              Kenneth F. Whitted
                              Assistant United States Attorney

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Misc. No. _____ |
| COLLEEN STEVENSON, : | |
| also known as "Colleen Horne," : | |
| : | |
| Defendant. : | |

## STATEMENT OF OFFENSE IN SUPPORT OF
## DEFERRED PROSECUTION AGREEMENT (ATTACHMENT A)

The Government and Defendant Colleen Stevenson, also known as "Colleen Horne," hereby stipulate as follows:[1]

Colleen Stevenson was legally married to the co-defendant, Christopher Stevenson (CR: 18-187-01 (PLF)), on or about July 9, 2013, in the city of Upper Marlboro and the State of Maryland. Colleen Stevenson has remained married to Christopher Stevenson since that date, including on the date of July 26, 2017; however, they remain separated and divorce proceedings have been filed.

Colleen Stevenson has three children with Christopher Stevenson, that is, K'Aden with a date of birth in April 2010, Kamiyah with a date of birth in August 2012, and Kalib with a date of birth in January 2015.

On July 26, 2018, Colleen Stevenson lived with her husband Christopher Stevenson at the address of 239 56th Street, Northeast, Washington, D.C. Colleen Stevenson began living at that

---

[1] Colleen Stevenson agrees to testify in accordance with the facts set out in this Statement of Offense and agrees that all of the fact set out in this Statement of Offense are true to the best of her knowledge.

1

address with Christopher Stevenson in or about August 2012.

Colleen Stevenson is aware that on July 26, 2017, law enforcement officers made a traffic stop of a silver Acura bearing Washington, D.C., license plate ENV2293. Christopher Stevenson was driving that vehicle at the time of the stop and his two minor children were inside the vehicle. Officers recovered 404.2 grams of marijuana from inside a black backpack in the front, passenger's seat of the car as well as $370.00 in United States currency. Officers further recovered $620 in United States currency from the defendant's person during the traffic stop.

Law enforcement officers subsequently executed a search warrant at 239 56th Street, Northeast, Washington, D.C. During execution of the warrant, Colleen Stevenson is aware that law enforcement seized a Glock 29, 10-millimeter, semi-automatic handgun with serial number TWM364, a Ruger, SR9c, 9-millimeter, semi-automatic handgun with serial number 333-53174, and a Taurus PT111 G2, 9-millimeter, semi-automatic handgun without a serial number. Colleen Stevenson is also aware that law enforcement seized approximately $57,870.00 in United States currency and approximately 55 kilograms (121 pounds) of marijuana, including three large duffel bags containing marijuana inside of Colleen Stevenson's bedroom closet.

On July 26, 2017, Colleen Stevenson resided at 239 56th Street, Northeast, Washington, D.C. along with her husband, Christopher Stevenson. The only other individuals residing at the house were the defendants' minor children. The house had two upstairs bedrooms, one for the children, and one master bedroom with two bedroom closets. At the time the search warrant was executed on the house, Colleen and Christopher Stevenson were estranged and sleeping in separate areas of the house. Christopher Stevenson slept in the master bedroom where officers recovered the marijuana and firearms in this case. Colleen Stevenson slept on the sofa downstairs, but accessed her bedroom closet in the master bedroom every day in order to retrieve clothing.

Colleen Stevenson was aware of the presence of three large duffel bags in her closet and believed that Christopher Stevenson placed them there. No other person maintained any items in the master bedroom other than Colleen Stevenson and Christopher Stevenson in July 2017, and Colleen Stevenson was not aware that marijuana was contained inside the duffel bags on July 26, 2017.

Colleen Stevenson and Christopher Stevenson both maintained approximately ten marijuana plants in their home. Colleen Stevenson was aware that Christopher Stevenson used the marijuana from those plants to make marijuana edibles that he would distribute to others.

Colleen Stevenson is aware of a prior incident in which Christopher Stevenson purchased a firearm and asked her to register it under her name. That conduct occurred in approximately October 2015. Colleen Stevenson did not register the firearm and returned it to Christopher Stevenson. Colleen Stevenson is also aware of a prior incident in which her four-year-old daughter stated that she had seen her father, Christopher Stevenson, with a firearm. That conduct occurred in or about July 2017. Colleen Stevenson was not aware of the presence of the firearms in the master bedroom on July 26, 2017.

Colleen Stevenson acknowledges that on July 26, 2017, she and her husband, Christopher Stevenson, owned a silver in color Acura bearing Washington, D.C., license plate ENV2293. In July 2018 Colleen Stevenson also knew Christopher Stevenson to own, possess, and use a black backpack which was seized from the Acura vehicle by law enforcement on July 26, 2017.

Colleen Stevenson knowingly and intentionally waives any marital or spousal privilege concerning Christopher Stevenson for purposes of entering into the Deferred Prosecution Agreement with the United States. This waiver specifically includes waiving any State or federal rights for purposes of providing testimony at any hearing, trial, or related proceeding concerning

3

criminal conduct charged in CR: 18-187 (PLF).

FOR THE UNITED STATES ATTORNEY'S OFFICE:

_____
JESSIE K. LIU
United States Attorney

Date: _____    BY: _____
Kenneth F. Whitted
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth facts as to my to the Deferred Prosecution Agreement relative to charges set forth in CR: 18-187-02 (PLF). I have discussed this Statement of Offense fully with my attorney, Kira Anne West, Esquire. I fully understand this Statement of Offense and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: _____    _____
Colleen Stevenson
also known as Colleen Horne

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's Statement of Offense related to my client's Deferred Prosecution Agreement relative to charges set forth in CR: 18-187-02 (PLF). I have reviewed the entire Statement of Offense with my client and have discussed it with him or her fully. I concur in my client's agreement with and acceptance of this Statement of Offense.

Date: _____    _____
Kira Anne West, Esq.
Attorney for Defendant